# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JONES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:18-CV-3110-TLN-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendant's unopposed motion to dismiss (ECF No. 7).[1]

## I. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

---

[1] Plaintiff did not file a timely opposition to defendant's motion. As a result, the matter was removed from the court's hearing calendar and submitted pursuant to Eastern District of California Local Rule 230(c). Thereafter, plaintiff filed a document captioned "Notice of Motion and Motion for Judgement." ECF No. 12. This filing is defective as a motion because it failed to provide adequate notice. See E. Dist. Cal. Local Rule 230(b). Further, the motion seeks a remand to state court which is inappropriate because the time to seek remand has passed. See 28 U.S.C. § 1447(c).

(1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## II. DISCUSSION

Plaintiff claims Officers Root and Sawtell, who are federal law enforcement officers, violated his Fourth Amendment rights during the course of plaintiff's arrest on April 5, 2017. See ECF No. 1. According to plaintiff, he submitted an administrative tort claim to the Bureau of Land Management (BLM), which was denied on November 30, 2017. See id. at 25. A copy of the denial letter, dated November 30, 2017, is attached to the complaint. See id. This action was filed in Shasta County Superior Court on October 29, 2018, and later removed to this court.

Defendant argues plaintiff's action is barred because it is untimely. Under the Federal Tort Claims Act (FTCA), claims against the United States are perfected only when a timely administrative claim is presented to the relevant agency and a timely court action is filed following denial of the administrative claim. See 28 U.S.C. § 2401(b). To be timely, an action must be filed within six months of the denial of the administrative claims. See id. If it appears on the face of the complaint that the action is untimely, it must be dismissed. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

In this case, it is clear on the face of plaintiff's complaint that his action is untimely because it was not filed within six months of the denial of plaintiff's administrative claim to the BLM. As set forth in the complaint, plaintiff's administrative claim was denied on November 30, 2017. Plaintiff's action was not filed until October 29, 2018, five months after expiration of the six-month limitation period. As such, it is untimely and must be dismissed.

///

///

3

Because the untimeliness of plaintiff's action appears on the face of the complaint, any analysis of defendant's remaining arguments – that the complaint fails to state a claim and that Officers Root and Sawtell are entitled to qualitied immunity – would constitute dicta as well as an improper advisory opinion.  The court, therefore, declines to address defendant's other contentions.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's unopposed motion to dismiss (ECF No. 7) be granted and plaintiff's "Notice of Motion and Motion for Judgement" (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 20, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE